## Case No. 5,934.

### HALL v. HOYT.

[2 Hunt, Mer. Mag. 342.]

Circuit Court, S. D. New York. July 20, 1840.

CUSTOMS DUTIES—CLASSIFICATION—ACT 1832— "HOSIERY."

[1. Knit shirts and drawers, faced with cloth having buttons and buttonholes, in readiness for wear, were dutiable under the tariff act of 1832 [4 Stat. 583], as "ready-made clothing," unless they were known, in trade and commerce, at the date of the act, as "hosiery"; and whether they were so known is a question of fact for the jury.]

[2. "Hosiery," as used in the tariff act of 1832, is of more general meaning than "stockings," in the act of 1816 [3 Stat. 310], for which it was substituted, and signifies a class or description of goods.]

[Cited in Hadden v. Hoyt, Case No. 5,891.]

At law. This action was brought to recover back the excess of duties demanded by the defendant, collector of New York, upon knit shirts and drawers. The defendant [Jesse Hoyt] had demanded duty on them as "ready-made clothing"; the plaintiff [James Hall] insisted that they were subject to duty as "hosiery," and that he was entitled to recover back the excess. Samples of the article were exhibited; the shirts had a piece of cotton cloth sewed upon the opening in front, with two or three buttons sewed on upon one side and buttonholes worked on the other. The drawers had waist-bands sewed on, with buttons and buttonholes, and tapes at the bottom. They were fit for wearing without farther work, and had been prepared before importation. The plaintiff proved that the articles were made by hosiery manufacturers, upon the stocking frame. That they were dealt in by dealers in hosiery in England, and were there known as "hosiery"; that the cotton cloth was sewed on, buttonholes made, etc., by persons connected with the manufacturer, and as part of his busi-

ness; also, the plaintiff proved that in the United States in the year 1832, and prior to it, they were imported from England and were known as "hosiery goods"; that they were kept by hosiery dealers for sale; that they would be furnished upon an order for "hosiery," but not on an order for "ready-made clothing"; that they did not go in commerce under that name; that in invoices they were called "shirts and drawers," "woolen or cotton shirts and drawers," "knit shirts and drawers," and "hosiery shirts and drawers." They were not usually kept in ready-made clothing stores, but sometimes were. "Ready-made clothing" meant clothing cut from cloth to fit, and made by tailors' sewing. On the part of the defendant, evidence was given, that the articles were kept by some dealers in ready-made clothing; that they were by some called ready-made clothing; that at the custom house, in 1832, and for some years before, duty had been demanded on these goods as on ready-made clothing, which duties, prior to the act of 1832, was acquiesced in.

M. Bidwell and D. Lord, Jr., for plaintiff.
B. F. Butler, Dist. Atty., for defendant.

BETTS, District Judge (charging jury). The act of congress, in its use of the terms "hosiery" and "ready-made clothing," must be construed in reference to the common use and meaning of the terms, unless they appeared to have acquired a separate and different meaning in commerce. If they had, that meaning was to prevail; and they must look to the meaning of the terms at the date of the act, and not at the present time, or as changed after the act was passed. That the practice of the custom house was only to be looked at as part of the evidence of the acceptance of the words by merchants dealing there; and, if the terms did not in commerce bear the sense there put upon them, the practice of the custom house could not govern the construction.

That in the present case the articles were clothing, and were ready made; they were therefore liable to duty as such, unless the jury should find that they were known in commerce under some other name, and charged with duty under such other name. That if they were known under the name of "hosiery," then, as that description of goods had been in the same section of the law charged with a lighter duty, it would not be subject to the heavier duty of ready-made clothing. That "hosiery" was a word of more general signification than "stockings," which was the word of the act of 1816, which was dropped in the act of 1828 [4 Stat. 270], and the word "hosiery" introduced. It signified a class or description of goods; and if the jury found that these goods were among importers and vendors and purchasers generally known in 1832 (the date of the act,) as "hosiery," they would be liable only to the duty on hosiery,

and the plaintiff was entitled to recover; otherwise, they were liable as ready-made clothing, and the defendant must have a verdict.

Verdict for plaintiff for $3,473.